IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTON PURISIMA, *et al.*, <br>     Plaintiffs | : <br> : <br> : |
| v. | :     CIVL ACTION NO. 20-CV-357 <br> : |
| CITY OF PHILADELPHIA, *et al.*, <br>     Defendants | : <br> : |

### MEMORANDUM

**PRATTER, J.**                                                                             **FEBRUARY 3, 2020**

      Plaintiff Anton Purisima, proceeding *pro se*, seeks leave to proceed *in forma pauperis* in this this civil action commenced against individuals, corporate and governmental entities, and numerous John Doe defendants. (ECF Nos. 1 and 2.) For the following reasons, the Court will grant Mr. Purisima leave to proceed *in forma pauperis*, dismiss his Complaint, and grant him leave to file an amended complaint.

### I.    FACTUAL ALLEGATIONS[1]

      Mr. Purisima's Complaint appears to seek to assert a claim on behalf of both Mr. Purisima and the United States of America against the City of Philadelphia, the People's Republic of China, Michael Joseph Morrissey, Amtrak Rail Corporation, Richard Anderson and one-thousand John Doe defendants. (ECF No. 2 at 1.)[2] However, the Complaint asserts no facts. Indeed, Mr. Purisima acknowledges the inadequacy of the current filing:

> Note: Due to time limitation as well as emergency situation of pro se Plaintiff # one Anton Purisima herein, this Complaint will be continued to file an Amended Complaint as soon as possible. Thank you.

---

[1] The facts set forth in this Memorandum are taken from Mr. Purisima's Complaint and the attachments thereto.

[2] The Court adopts the pagination assigned by the CM-ECF docketing system.

(*Id.* at 2.) Attached to the Complaint, and allegedly "in support thereof," (*id.* at 3), are docket entries from the recently terminated appeal from Mr. Purisima's earlier unsuccessful civil rights action, filed in this Court as *Purisima v. City of Philadelphia*, Civ. A. No. 16-5628. Mr. Purisima does not provide any other information as to the factual basis of the instant action, the legal basis of the claim asserted, or the relief sought.

## II.  STANDARD OF REVIEW

The Court will grant Mr. Purisima leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Because Mr. Purisima is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

When allowing a plaintiff to proceed *in forma pauperis* the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. 28 U.S.C. § 1915(e)(2)(B); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be

2

raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short a plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). This Court has noted that Rule 8 "requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue." *Fabian v. St. Mary's Med. Ctr.*, Civ. A. No. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) (quotations omitted).

## III.  DISCUSSION

Mr. Purisima's Complaint offers no hint as to what the issues may be in this case and the Court declines to speculate. In the absence of any facts establishing this Court's jurisdiction, putting the named Defendants on notice as to the nature of the claims against them, or "ensur[ing] that the Court is sufficiently informed to determine the issue," the Complaint must be dismissed pursuant to § 1915(e)(2)(B)(ii) for failure to state a claim. Because it cannot be stated with certainty that Mr. Purisima cannot state a viable claim, the Court will grant him leave to file an amended complaint.

For purposes of amendment, the Court notes that, insofar as Mr. Purisima seeks to assert a claim on behalf of the United States, he may not do so. Under 28 U.S.C. § 1654, parties "may plead and conduct their own cases personally or by counsel" in the federal courts. Section 1654 thus ensures that a person may conduct his or her own case *pro se* or retain counsel to do so. *See Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882 (3d Cir. 1991) ("The statutory right to proceed *pro se* reflects a respect for the choice of an individual citizen to plead his or her own cause." (quoting *Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990))). Although an individual may represent himself *pro se*, a non-attorney may not represent other parties in federal court. *See Muurray on behalf of Purnell v. Ciy of Philadelphia*, 901 F.3d 169, 170 (3d Cir. 2018) ("Although an individual may represent herself or himself pro se, a non-attorney may not represent other parties in federal court."). This principle has been applied by the Supreme Court, the United States Court of Appeals for the Third Circuit, and other courts in various contexts. *See, e.g., Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (recognizing that corporations must be represented by counsel and that "save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships or associations to appear in federal court otherwise through a licensed attorney" (footnote omitted) ); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 667 (9th Cir. 2008) (holding that a non-lawyer could not litigate pro se on behalf of an ERISA plan); *Osei-Afriyie*, 937 F.2d at 882 ("We hold that Osei-Afriyie, a non-lawyer appearing *pro se*, was not entitled to play the role of attorney for his children in federal court."); *Phillips v. Tobin*, 548 F.2d 408, 411-12 (2d Cir. 1976) (holding that a non-attorney could not appear *pro se* to conduct a shareholder's derivative suit). Further, in the event that Mr. Purisima is seeking to pursue a *qui tam* action on behalf of the United States, he may not do so. *Gunn v. Credit Suisse Group AG*, 610 F. App'x

4

155, 157 (3d Cir. 2015) (citations omitted). Accordingly, Mr. Purisima may not pursue litigation on behalf of the United States and the Court will dismiss any claims brought on its behalf.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Purisima leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2(B)(ii) for failure to comply with Rule 8 and failure to state a claim. Mr. Purisima will be permitted to file an amended complaint to attempt to cure the defects noted above. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). An appropriate Order follows.

BY THE COURT:

GENE E.K. PRATTER, J.